## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLOYD BROWN, ) | |
| No. K53884, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00115-JPG |
| ) | |
| SALVADORE GODINEZ, ) | |
| STEPHEN B. DUNCAN, ) | |
| RICHARD MOORE, ) | |
| BETH TREADWAY, ) | |
| KYLE HENTON, ) | |
| DIANA MUSGRAVE, ) | |
| DARREN WILLIAMS, ) | |
| MARY WEAVER, ) | |
| JOHN COE, and ) | |
| WEXFORD MEDICAL HEALTH ) | |
| SOURCES, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Floyd Brown, a transgender inmate in Lawrence Correctional Center, brings this action for deprivations of her[1] constitutional rights pursuant to 42 U.S.C. § 1983, based on repeatedly being denied a prison job; being denied a bra; being denied timely, consistent medical care associated with her gender reassignment; generally being treated less favorably than heterosexual inmates; and the conditions of confinement at Lawrence.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] Although the Court must use Plaintiff's legal name, feminine pronouns will be utilized to refer to Plaintiff.

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Brown repeatedly sought and was denied a prison job. A variety of innocuous reasons were given, which Plaintiff perceives as pretenses for discriminating against her because she is transgender. Plaintiff witnessed other inmates receiving job assignments, even though they should have been denied work under the criteria used to deny Plaintiff work. Defendant Mary Weaver is in charge of job assignments; she ignored Plaintiff's many job requests. Defendants Salvadore Godinez, Stephen B. Duncan, Richard Moore, Beth Treadway, Kyle Henton, Diana Musgrave and Darren Williams are

described as having "at some point responded to grievance[s] and denied Plaintiff … an employment opportunity. Each Defendant continuously passes the buck." (Doc. 1, p. 5).

Director of Health Care at Lawrence, Dr. John Coe, and Warden Stephen B. Duncan allegedly discriminated against Plaintiff because she is transgender. Plaintiff requested a bra and was "denied on every hand" (Doc. 1, p. 7). Counselor Darren Williams did not grant Plaintiff's related grievance.

It is further alleged that Dr. Coe and Wexford Medical Health Sources, the corporate healthcare provider for the prison, have been "grossly indifferent" to Plaintiff's medical needs associated with her gender reassignment. Medications are not delivered on schedule, and bras are denied—as already mentioned. Director of the Illinois Department of Corrections ("IDOC") Salvadore Godinez ignored related grievances.

Plaintiff also takes issue with Lawrence being designated as a "Level 2" (less harsh) prison, but nevertheless lacking in conditions of confinement prescribed for a prison at that level. According to the complaint, inmates are denied daily opportunities for exercise, and the day room lacks working showers, faucets, toilets, a phone, tables, and a television. Also, the working toilets flush automatically every 15-to-30 minutes, resulting in inmates being splashed with the mix of urine and feces that accumulates between timed flushes. Director Godinez has ignored related grievances.

Citing what several transgender support organizations and publications set as the "standard of care" for gender transition medical treatment, Plaintiff asserts that Dr. Coe, Wexford Medical Heath Sources, Warden Duncan, Assistant Warden Tredway, Assistant Warden Moore and Counselor Henton denied Plaintiff complete and adequate medical treatment.

The complaint references the Eighth Amendment prohibitions against cruel and unusual punishment and the denial of adequate medical care, and the Fourteenth Amendment right to the equal protection of the laws. The ten named defendants are sued in their individual and official capacities. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** C/O Mary Weaver repeatedly denied Plaintiff a prison job because Plaintiff is transgender, in violation of the Equal Protection Clause of the Fourteenth Amendment;
>
> **Count 2:** Dr. John Coe and Warden Stephen B. Duncan denied Plaintiff a bra, in violation of the Equal Protection Clause of the Fourteenth Amendment;
>
> **Count 3:** Dr. John Coe, Wexford Medical Health Sources, Warden Stephen B. Duncan, Assistant Warden Beth Tredway, Assistant Warden Richard Moore, and Counselor Kyle Henton have been deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment;
>
> **Count 4:** The conditions of confinement at Lawrence fall short of what is prescribed for a Level 2 facility and amount to cruel and unusual punishment, in violation of the Eighth Amendment; and
>
> **Count 5:** Director Salvadore Godinez, Warden Stephen B. Duncan, Assistant Warden Richard Moore, Assistant Warden Beth Tredway, Counselor Kyle Henton, Counselor Diana Musgrove and Counselor Darren Williams all denied Plaintiff's administrative grievances, in violation of the Constitution.

## Discussion

### Counts 1 and 2

In Count 1, Plaintiff contends Mary Weaver, who is in charge of prison job assignments, denied her repeated requests for a job because Plaintiff is transgender. Count 2 alleges that Dr. Coe and Warden Duncan denied Plaintiff's request for a bra, merely because she is transgender.

There is no constitutional right to a prison job. *See Moody v. Daggett,* 429 U.S. 78, 87 (1976); *Hoskins v. Lenear,* 395 F.3d 372, 374–75 (7th Cir. 2005). Nor is there an obvious constitutional right to a bra. Nevertheless, the equal protection of the laws is guaranteed under the Fourteenth Amendment.

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). There is also a second type of equal protection, a so-called "class-of-one" claim. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), make clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment.

At this point, Counts 1 and 2 state colorable equal protection claims. Count 1 shall proceed against Mary Weaver, and Count 2 shall proceed against Dr. Coe and Warden Duncan.

**Count 3**

Count 3 takes issue with the medical care Plaintiff has been afforded relative to the ongoing process of gender reassignment.  In addition to that overarching claim, Plaintiff notes that she has been denied a bra, and her medication has been delivered in an untimely fashion and, sometimes, in weakened doses.  Dr. Coe and Wexford Medical Health Sources are both linked to the denial of a bra and medication shortfalls.  The claim is also asserted against Warden Duncan, Assistant Warden Tredway, Assistant Warden Moore and Counselor Henton.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  Based on the limited information before the Court, a serious medical need has been implicated, but that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Consequently, the doctrine of *respondeat superior*—

supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

The complaint offers only a bald assertion that Warden Duncan, Assistant Warden Tredway, Assistant Warden Moore and Counselor Henton denied Plaintiff adequate medical care. Therefore, under the *Twombly* pleading standard those defendants must be dismissed; dismissal shall be without prejudice. Count 3 shall otherwise proceed against Dr. Coe and Wexford Medical Health Sources.

**Count 4**

As already noted, Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). The Eighth Amendment can be a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). However, not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

The conditions of confinement described in the complaint, particularly regarding the showers and toilets—individually or in combination—implicate the minimal civilized measure of

life's necessities. *See Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992); *Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013). On the other hand, the denial of a television and a table in the day room does not trigger constitutional protection. Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988).

No particular defendant is alleged to have been involved with creating or ignoring the conditions of confinement highlighted by Plaintiff. The Director cannot be held liable based solely on their involvement in the grievance process (as will be discussed relative to Count 5). *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Absent any individual liability, a warden can still be liable in his official capacity, but only for purposes of securing injunctive relief. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011); *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). The Eleventh Amendment, however, bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Consequently, Plaintiffs' Eighth Amendment claim can proceed, but only against Warden Duncan in his official capacity, and only for purposes of securing injunctive relief. In any event, Count 4 cannot proceed in this action and, for reasons set forth below, must be severed from this action.

**Count 5**

Count 5 serves as a catchall for all of the allegations that Plaintiff's administrative grievances were ignored or denied. Plaintiff would have liability attach to each of the officials involved in the grievance process—presumably based on knowledge of the offensive act(s) gleaned from the grievance(s). However, merely "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George*

*v. Smith*, 507 F.3d 605, 609 (7th Cir.2007; *see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013). Therefore, the narrow claim in Count 5 will be dismissed with prejudice.

**Severance**

Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B).

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA"). *Id.* at 607, (citing 28 U.S.C. § 1915(b), (g)). Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees. *See id*. Accordingly, *s*everance is appropriate under Federal Rule of Civil Procedure 21 as long as the two resulting claims are "discrete and separate." *Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000); *see also George,* 507 F.3d at 607. In other words, one claim must be capable of resolution despite the outcome of the other claim. *Id.*; *see also Gaffney v. Riverboat Servs. of Indiana, Inc.,* 451 F.3d 424, 442 (7th Cir. 2006).

Count 4, regarding the conditions of confinement, is separate and distinct from Counts 1-3, which all involve Plaintiff's transgender status.  Therefore, Count 4 will be severed from this present case.  Plaintiff will be given an opportunity to opt out of the severed case, thereby avoiding an additional filing fee.

### Disposition

IT IS HEREBY ORDERED that, for the reasons stated, **COUNT 1** shall **PROCEED** against **C/O MARY WEAVER**; and **COUNT 2** shall **PROCEED** against **DR. JOHN COE and WARDEN STEPHEN B. DUNCAN.**

**IT IS FURTHER ORDERED** that **WARDEN STEPHEN B. DUNCAN, ASSISTANT WARDEN BETH TREDWAY, ASSISTANT WARDEN RICHARD MOORE and COUNSELOR KYLE HENTON** are **DISMISSED without prejudice** from **COUNT 3**. **COUNT 3** shall otherwise **PROCEED** against **DR. JOHN COE and WEXFORD MEDICAL HEALTH SOURCES**.

**IT IS FURTHER ORDERED** that **COUNT 4** against **WARDEN STEPHEN B. DUNCAN** in his official capacity, and only for purposes of securing injunctive relief is **SEVERED** into a new case.  On or before **March 31, 2015**, Plaintiff shall notify the Court in writing regarding whether he will proceed with the new case or voluntarily dismiss the case without prejudice.  If Plaintiff elects to proceed with the new case, he must simultaneously either pay the full $400 filing fee, or file a motion seeking leave to proceed *in forma pauperis*.  If Plaintiff notifies the Court that he wants to voluntarily dismiss the new case, it will be dismissed without prejudice and no fee will be assessed.  Failure to meet the prescribed deadline will result in the dismissal of the new case with prejudice, and the $400 filing fee will be collected pursuant to the procedures in 28 U.S.C. § 1915(b).

**IT IS FURTHER ORDERED** that **COUNT 5** is **DISMISSED with prejudice**.

Accordingly, **IT IS FURTHER ORDERED** that Defendants **DIRECTOR SALVADORE GODINEZ, ASSISTANT WARDEN RICHARD MOORE, ASSISTANT WARDEN BETH TREDWAY, COUNSELOR KYLE HENTON, COUNSELOR DIANA MUSGROVE and COUNSELOR DARREN WILLIAMS** are **DISMISSED without prejudice** from this action, as no claims remain against them.

The Clerk of Court shall prepare for Defendants **WARDEN STEPHEN B. DUNCAN, C/O MARY WEAVER, DR. JOHN COE and WEXFORD MEDICAL HEALTH SOURCES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's motion for a preliminary injunction (Doc. 2), and motion for counsel (Doc. 6).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 5, 2015**

*s/J. Phil Gilbert*
**United States District Judge**
