IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FLOYD BROWN, K53884,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:15-cv-00115-JPG-PMF |
| | ) |
| **SALVADORE GODINEZ,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Floyd Brown's request for preliminary injunctive relief, which out of an abundance of caution, will be construed as a request for a temporary restraining order ("TRO"). *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (documents filed *pro se* are to be liberally construed). The defendants have been served with the complaint but they have not yet entered appearances or filed answers. Brown is a transgender inmate with the Illinois Department of Corrections ("IDOC") at Lawrence Correctional Center and she[1] filed the present lawsuit on February 4, 2015. In her complaint she asserts that various IDOC and Wexford Health Sources, Inc., ("Wexford") employees violated her constitutional rights. On March 5, 2015 Judge Gilbert conducted a 28 U.S.C. § 1915A merits review and held that Brown articulated colorable claims of Fourteenth Amendment equal protection violations and Eighth Amendment deliberate indifference to serious medical needs. Brown also stated a colorable Eighth Amendment conditions of confinement claim and it was severed into a separate case. *See Brown v. Duncan*, 3:15-cv-00248-NJR.

---

[1] Feminine pronouns will be used to refer to the plaintiff.

Brown's current request for preliminary injunctive relief pertains to her Eighth Amendment deliberate indifference to serious medical needs claim. In her complaint, Brown states that she is not properly receiving her medication and she is being irreparably injured. A TRO hearing was held on March 24, 2015 in front of Judge Frazier. At the hearing, Brown clarified that her request for injunctive relief is essentially threefold. First, Brown stated that she was receiving inadequate female hormone medication. According to Brown, as an individual transitions from male to female, they will gradually receive increasing amounts of female hormone medication. Brown stated that she started receiving female hormones in July, 2014. However her hormone medication levels have remained static and she should be receiving an increased dose. As a result, Brown is transitioning at a slower pace than she would like. Second, Brown states that she is not receiving transgender specific therapy sessions. Brown does receive general sessions with a psychiatrist about once every two months, but the sessions focus on Brown's other conditions, including her bipolar disorder. Third, Brown argues that she should receive a bra. Brown stated that as she transitions from male to female, her breast size has increased and staff members at Lawrence Correctional Center, a male designated facility, do not allow transgender inmates to wear bras.

Federal district courts can essentially grant three different forms of injunctive relief. Fed. R. Civ. P. 65. All forms require a party to do or not do something, and are enforceable by contempt. *See* History and Scope of Rule 65, 11A Fed. Prac. & Proc. Civ. § 2941 (3d ed.). A temporary restraining order ("TRO") is the most immediate form of injunctive relief, and may be granted without notice to the adverse party. Fed. R. Civ. P. 65(b). A TRO is appropriate only when the moving party can clearly show "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id*. A TRO may not

exceed 14 days in duration. *Id*. A preliminary injunction, however, requires notice to the adverse party and may remain in effect until the trial on the merits, or sooner if the case is disposed of prior to trial. Fed. R. Civ. P. 65(a). And finally, a permanent injunction may only be granted after a trial on the merits. *See* Fed. R. Civ. P. 65.

To obtain a TRO, Brown must demonstrate that: (1) she is reasonably likely to succeed on the merits, (2) there is no adequate remedy at law, (3) if the injunction is not granted she will suffer irreparable harm, (4) the irreparable harm she will suffer outweighs the harm to the defendants if the injunction is granted, (5) and the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Preliminary injunctive relief with respect to prison conditions is to be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 97 (1997). Moreover, the 7th Circuit has held Gender Identity Disorder to be a serious medical condition under the Eighth Amendment. *Fields v. Smith*, 653 F.3d 550, 555 (7th Cir. 2011).

Here, the plaintiff fails to make a clear showing that she is entitled to preliminary injunctive relief. During the TRO hearing, Brown admitted that she would not suffer irreparable harm absent injunctive relief. First, Brown may not be receiving an increased dose of female hormone medication, but such practice will not cause irreparable harm. At most, the lower dose of hormones will delay the male to female transition process. Second, the plaintiff has failed to demonstrate that the lack or delay in receiving transgender specific therapy sessions will cause irreparable harm. Plaintiff is receiving psychiatry sessions once every other month. The lack of

transgender specific therapy sessions does not appear to be an Eighth Amendment violation and Brown does not appear to be irreparably injured without such sessions. Third, the lack of a bra is not causing irreparable harm. Brown stated that she would be more comfortable wearing one and the transition from male to female would be easier if she wore a bra, but she admitted that she is not being harmed by the lack of one. In sum, Brown has failed to make a clear showing that she would suffer irreparable harm absent an increased dosage of hormone medication, transgender specific therapy sessions, or being allowed to use a bra. Because Brown has failed to demonstrate irreparable harm, the Court will not analyze the other factors.

## RECOMMENDATIONS

It is RECOMMENDED that the plaintiff's request for a Temporary Restraining Order be DENIED.

**SO RECOMMENDED.**

**DATED:   March 24, 2015 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**